**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDER ACEVEDO VALENCIA, | No. 14-72694 |
| Petitioner, | Agency No. A088-451-523 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Elder Acevedo Valencia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention against Torture ("CAT").  Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and grant in part the petition for review.

We lack jurisdiction to review Valencia's contentions regarding political opinion and any challenge to the IJ's denial of Valencia's CAT claim because he failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to Valencia's withholding of removal claim, this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), came down after the BIA's decision. Thus, we grant the petition for review as to withholding of removal, and remand this claim to the BIA to determine the impact, if any, of this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; and REMANDED.**

14-72694